NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THE IQ GROUP, LTD. d/b/a INSURANCE IQ, | : : | |
| Plaintiff, | : : | Civil Action No.  03-5221 (JAG) |
| v. | : : : | OPINION |
| WIESNER PUBLISHING, LLC t/a ADVISORS DATA SOURCE and t/a IT BUYERS, and LISA HULAC; ERIC BENDER; NATIONAL SENIOR ASSOCIATES COMPANY, LLC; CAPITAL CARE, INC.; and JOHN DOES 1-1000, | : : : : : : : : : | |
| Defendants. | : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before the Court on the Motion for Summary Judgment by Defendant National Senior Associates Company, LLC ("NSAC") and the Cross-Motion for Summary Judgment by Plaintiff IQ Group, Ltd. ("IQ"), pursuant to FED. R. CIV. P. 56.  For the reasons set forth below, all motions and cross-motions for summary judgment shall be denied.

**INTRODUCTION**

These motions arise in the context of a dispute between business competitors.  IQ and Wiesner Publishing, LLC ("Wiesner") are businesses that provide advertising services for insurance companies: they send ads by email to insurance agents.  In 2003, National Senior Associates Company, LLC ("NSAC") and Capital Care, Inc. ("Capital Care"), insurance

1

companies, both hired IQ to send advertisements. NSAC and IQ dispute who created the NSAC ad, and thereby who is entitled to claim authorship and hold the copyright. IQ distributed copies of the Capital Care and NSAC ads via email to insurance agents; the ads sent by IQ displayed a graphic described by IQ as a logo. The IQ logo consists of the outline of a capital "Q" with the outline of a lower-case "I" in the center. Both outlines are shaded, as if in graphical relief. The ads also contained a hyperlink that, when clicked, directed the user to a page of IQ's website which IQ claims contained copyright notices.

After IQ had distributed the NSAC and Capital Care ads, both NSAC and Capital Care hired Wiesner to distribute the ads via email. Both NSAC and Capital Care provided Wiesner with the ads that IQ distributed. Wiesner removed the IQ logo and hyperlink, added new information so that responses to the ads would go to NSAC and Capital Care, and then copied and distributed the ads via email.

IQ subsequently applied to the U.S. Copyright Office for copyright registration, claiming authorship of the NSAC and Capital Care ads. IQ obtained copyright registrations as of October 22, 2003. IQ then filed suit against Wiesner, NSAC, Capital Care and other parties, claiming copyright infringement, violations of the Digital Millennium Copyright Act ("DMCA"), and breach of contract by NSAC, which is alleged to have used IQ's artwork without permission.

NSAC filed a motion for summary judgment on these issues: 1) The court lacks subject-matter jurisdiction over the copyright infringement claims because of fatal defects in pleading; 2) the copyright registration for the NSAC ad is invalid; and 3) IQ cannot prevail on its breach of contract claim. IQ filed a cross-motion for summary judgment on these issues: 1) NSAC has infringed IQ's copyright on the NSAC ad; 2) IQ is entitled to increased statutory damages for

NSAC's allegedly willful infringement of the copyright on the NSAC ad; and 3) NSAC violated the DMCA, 17 U.S.C. § 1202, with regard to the NSAC ads.

## ANALYSIS

**I.**      **Governing Legal Standards**

    A.      Standard for a Rule 56 Motion for Summary Judgment

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996). In making this determination, the Court must draw all reasonable inferences in favor of the non-movant. Hullett v. Towers, Perrin, Forster & Crosby, Inc., 38 F.3d 107, 111 (3d Cir. 1994); Nat'l State Bank v. Fed. Reserve Bank of N.Y., 979 F.2d 1579, 1581 (3d Cir. 1992).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial").

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23). In determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences – including on issues of credibility – in favor of the non-moving party. Watts v. Univ. of Del., 622 F.2d 47, 50 (3d Cir. 1980).

**II.      Defendant's Motion for Summary Judgment**

    A.      Subject Matter Jurisdiction as to the Copyright Claims

NSAC argues that, under 17 U.S.C. § 411, this Court lacks subject matter jurisdiction on the copyright claims because the copyright registration numbers at issue were not specified in the Complaint, nor has the Complaint been amended to specify them. This argument fails on both legal and equitable grounds.

NSAC argues that the copyright registration numbers were not specified in the Complaint, but 17 U.S.C. § 411(a) does not require that registration numbers be specified in the Complaint. Nor has NSAC offered controlling authority in support of its position. NSAC thus asks this Court to take drastic action – throwing out IQ's infringement actions – in the absence of statutory or case law authority establishing the asserted technical requirements for the Complaint.

Furthermore, as the parties both observe, the Fifth Circuit has held that, to satisfy the jurisdictional prerequisites of § 411, "[o]ne need only prove payment of the required fee, deposit

of the work in question, and receipt by the Copyright Office of a registration application." Apple Barrel Productions, Inc. v. Beard, 730 F.2d 384, 386-387 (5th Cir. 1984). NSAC has not argued that IQ has failed to meet these requirements.

Moreover, agreeing to NSAC's argument would create an injustice. Although NSAC does state in one sentence that it has been prejudiced, it gives no explanation of how it has been prejudiced because registration numbers are not in the Complaint, nor does this Court observe how it has been. Despite its assertion of prejudice, NSAC then proceeds to argue in detail that the copyright registration and supplementary registration are invalid. The arguments exhibit a detailed knowledge of every aspect of these registrations. It does not appear that NSAC lacks any information about the registrations that has impaired its defense.

Although the equitable powers of the federal court do not extend to granting subject matter jurisdiction absent statutory authority, there is no question that this court has subject matter jurisdiction over copyright infringement cases. This Court has the equitable power to disregard defects in pleading. "The reach of a federal district court's inherent equitable powers is broad indeed." Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 404 (U.S. 1971) (internal citations omitted). The Supreme Court has held that the scope of this reach is historically determined. Id. Federal Equity Rule 19 (1912) stated: "The court may at any time, in furtherance of justice, upon such terms as may be just, permit any process, proceeding, pleading, or record to be amended, or material supplemental matter to be set forth in an amended or supplemental pleading. The court, at every stage of the proceeding, must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." The second sentence is now contained in FED. R. CIV. P. 61.

NSAC has not convinced this Court that any error or defect has occurred. But, even if it had, this Court must disregard such error or defect if it does not affect NSAC's substantial rights. NSAC has not argued that any error or defect has affected its substantial rights, and so, even if there were such an error, this Court would invoke its equitable powers to disregard it.

NSAC's motion for summary judgment on this question is denied.

B.  Validity of IQ's Copyright Registration of the NSCA Ad

NSAC argues that Alan Mott authored the NSAC ad, and that IQ's copyright registration is invalid because it failed to disclose the true author. IQ argues that IQ employees Eileen Foley and Vincent Bono created the ad. Each side has offered supporting affidavits from the persons claiming authorship.

Authorship forms the foundation of copyright. As the Supreme Court stated, "The Copyright Act of 1976 provides that copyright ownership 'vests initially in the author or authors of the work.' 17 U. S. C. § 201(a). As a general rule, the author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection." Cmty. for Creative Non-Violence v. Reid, 490 U.S. 730, 737 (1989).

The parties dispute the authorship of the NSAC ad, and each side has submitted evidence to support its claim. This creates a genuine issue as to the material fact of authorship; neither side has shown the nonexistence of this issue. As a result, this issue is not amenable to resolution on summary judgment.

NSAC's motion for summary judgment on this question is denied.

C.  Breach of Contract Claim for Use of Original Artwork in the NSCA Ad

NSAC seeks summary judgment on IQ's claim for breach of contract, which alleges that

NSAC used IQ's artwork without IQ's permission, in violation of provision 9 of their contract. NSAC argues that, because IQ did not author or create any artwork, NSAC could not have made use of original advertising artwork without IQ's permission, in violation of the contract. IQ claims that its employees created the artwork. Determination of this issue relies on the question of authorship already stated: who created the artwork in the NSAC ad? As discussed above, this issue is not amenable to resolution on summary judgment.

NSAC's motion for summary judgment on this question is denied.

### III.     Plaintiff's Cross-Motion for Summary Judgment

<u>        A.        Plaintiff's Motions Regarding Copyright Infringement Under the Copyright Act</u>

Plaintiff moved for summary judgment as to infringement of the copyright on the NSAC ad, and as to its entitlement to statutory damages for willful infringement of this copyright. The issue of entitlement to statutory damages requires, as a predicate, a determination of copyright infringement. "The elements of a copyright infringement action are (1) ownership of a valid copyright and (2) copying by the alleged infringer." <u>Masquerade Novelty v. Unique Indus.</u>, 912 F.2d 663, 667 (3d Cir. 1990).

As discussed above, the parties dispute the authorship of the NSAC ad, and have demonstrated the existence of a genuine issue as to a material fact; this issue cannot be resolved on summary judgment. As determination of authorship is necessary to determine whether IQ's copyright is valid, and, in turn, determination of copyright validity is necessary to establish infringement, and then to determine damages for willful infringement, none of these issues is amenable to resolution on summary judgment.

Plaintiff's motion for summary judgment as to infringement of the copyright on the

NSAC ad, and as to its entitlement to statutory damages for willful infringement of this copyright, is denied.

        B.     Plaintiff's Motion Regarding Violations under the DMCA

Plaintiff has filed a cross-motion for summary judgment alleging that NSAC has violated 17 U.S.C. § 1202. NSAC argues that IQ cannot make this motion because the Complaint does not assert that NSAC violated the DMCA. IQ points to ¶ 9 of the Complaint, which does allege that NSAC conspired with other defendants to violate the DMCA. The Complaint's demand for relief, as to the DMCA, refers generally to "Defendants," which includes NSAC.

NSAC's argument as to the procedural impropriety of this motion is not persuasive. The Federal Rules of Civil Procedure do not set elaborate requirements for a complaint. FED. R. CIV. P. 8(a). Moreover, Rule 8(f) instructs that "[a]ll pleadings shall be construed so as to do substantial justice." FED. R. CIV. P. 8(f). "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Conley v. Gibson, 355 U.S. 41, 48 (1957). This Court does not find the Complaint so deficient as to render IQ's motion for summary judgment procedurally improper.

This Court has construed 17 U.S.C. § 1202 in relation to this case, as explained in the companion opinion on the summary judgment motions concerning IQ and Defendant Wiesner Publishing, LLC. Under this construction, because the information removed from the NSAC ad did not function as a component of an automated copyright protection system, it does not fall within the definition of "copyright management information" in 17 U.S.C. § 1202(c). NSAC has not violated any part of 17 U.S.C. § 1202. Plaintiff's motion for summary judgment on this

question is denied.

## CONCLUSION

For the foregoing reasons, this Court denies NSAC's motions for summary judgment on the issues of subject matter jurisdiction over the copyright infringement claims, invalidity of the copyright registration for the NSAC ad, and the breach of contract claim. This Court denies Plaintiff's cross-motion for summary judgment on the issues of NSAC's infringement of IQ's copyright on the NSAC ad, IQ's entitlement to increased statutory damages for NSAC's allegedly willful infringement of the copyright on the NSAC ad, and NSAC's violation of the DMCA, 17 U.S.C. § 1202, with regard to the NSAC ads.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: December 27, 2005